**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **WILLIAM REYNOLDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 6:24cv00134** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff William Reynolds ("Plaintiff"), and states as follows:

## I. PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Texas. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any

remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## III. FACTS AND ALLEGATIONS

5. Lincoln admits that John Soules Foods, Inc. ("John Soules") sponsored the John Soules Foods, Inc. Group Long-Term Disability Income Plan (the "LTD Plan") to provide long term disability benefits to participating, eligible employees of John Soules Foods, Inc. Lincoln further admits that the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that Plaintiff was, at certain times, employed as a Retail Project Analyst with John Soules, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Long-Term Disability Insurance Policy Number 000010212271 (the "Policy") issued by Lincoln to John Soules. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy issued by Lincoln to John Soules and that Plaintiff was, at certain times, a participant in the LTD Plan sponsored by John Soules. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that John Soules sponsored the LTD Plan to provide long term disability benefits to participating, eligible employees of John Soules and that the Policy issued by

Lincoln to John Soules, at certain times, insured benefits from the LTD Plan. Lincoln admits Plaintiff was, at certain times, employed by John Soules and a participant in the LTD Plan. To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff's last day at work at John Soules was May 6, 2022. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. To the extent that the allegations contained in Paragraph 10 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff dated December 16, 2022, and to Plaintiff's counsel dated July 21, 2023, and March 6, 2024, and Lincoln refers to the letters themselves as the

best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln denies all allegations contained in Paragraph 13 of the Complaint.

14. Lincoln denies all allegations contained in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 1-4 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 14th day of June 2024.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

J. Price McNamara
Email: price@jpricemcnamara.com

June 14, 2024 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers