REF #22602066

Lincoln Financial Group

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
Toll free Fax (877) 843-3950
www.LincolnFinancial.com

March 6, 2024

LAW OFFICES OF J. PRICE MCNAMARA
ATTN J. PRICE MCNAMARA
10455 JEFFERSON HIGHWAY
SUITE 130
BATON ROUGE, LA 70809

Re: Policyholder: John Soules Foods, Inc. - TX Location
Policy Number: 00001021227100000
Claim Number: 1220082997
Claimant: William Reynolds

Dear J. PRICE MCNAMARA:

We have completed our review of your client's Long Term Disability appeal. Based on the information provided, we have determined that we are unable to approve benefits beyond . In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To qualify for benefits under the policy issued to your client's employer, an individual must satisfy all of the provisions of the policy. This includes, but is not limited to, the following:

TOTAL DISABILITY or TOTALLY DISABLED will be defined as follows:

1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.

The loss of a professional license, an occupational license or certification, or a driver's license for any reason does not, by itself, constitute Total Disability.

OWN OCCUPATION or REGULAR OCCUPATION means the occupation, trade or profession:

1. in which the Insured Employee was employed with the Employer prior to Disability; and
2. which was his or her main source of earned income prior to Disability.

©2024 Lincoln National Corporation www.LincolnFinancial.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

EXHIBIT
2

It means a collective description of related jobs, as defined by the U.S. Department of Labor Dictionary of Occupational Titles. It includes any work in the same occupation for pay or profit, regardless of:

1. whether such work is with the Employer, with some other firm, or on a self-employed basis; or
2. whether a suitable opening is currently available with the Employer or in the local labor market.

Based on information obtained from your client's employer, occupational information contained within the *Dictionary of Occupational Titles* (DOT), and evaluation from vocational professionals, we have determined that your client's occupation is best defined as a MANAGEMENT ANALYST (profess. & kin.) alternate titles: in the national workforce. The material and substantial duties of a MANAGEMENT ANALYST (profess. & kin.) alternate titles: include but are not limited to the following:

- Analyzes business or operating procedures to devise most efficient methods of accomplishing work.
- Plans study of work problems and procedures, such as organizational change, communications, information flow, integrated production methods, inventory control, or cost analysis.
- Gathers and organizes information on problem or procedures including present operating procedures.
- Analyzes data gathered, develops information and considers available solutions or alternate methods of proceeding.
- Organizes and documents findings of studies and prepares recommendations for implementation of new systems, procedures, or organizational changes.
- Confers with personnel concerned to assure smooth functioning of newly implemented systems or procedure.

Regarding physical capacity, a MANAGEMENT ANALYST (profess. & kin.) alternate titles: in the national workforce is a Sedentary physical capacity occupation. The definition of Sedentary work is Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are only required occasionally (1-33%) and if all other sedentary criteria are met. Sedentary work may require exertion up to 10 lbs. occasionally and a negligible degree of exertion on a frequent (34-66%) or constant (67-100%) basis.

In order to be considered Totally Disabled, the medical documentation must support that your client is unable to perform each of the main duties of your client's own occupation. As such, in considering whether your client qualifies for Long Term benefits as of 08/05/2022 , we evaluated whether your client would be restricted or limited from performing the main duties of your client's occupation as listed above.

Your client's entire file was reviewed upon appeal. Disability must be supported from 05/07/2022 forward, which was the focus of our determination.

**Summary of Initial Claim Filing**

Your client's initial claim forms state that your client was unable to continue working in your client's own occupation beyond 05/06/2022 due to Other reactions to severe stress.

Benefits were not approved after we determined your client is not Totally Disabled from performing the main duties of their occupation. Our evaluation included review of the medical documentation, including consultation with and/or review of a written report from an independent physician who is Board Certified in Psychiatry. Our evaluation determined the medical records did not support restrictions and limitations that would render your client unable to perform the main duties of their occupation beyond 05/07/2022. For complete details please refer to our letter dated 12/16/2022.

**Summary of First Level of Appeal**

On 05/03/2023, your client filed an appeal in response to our determination to deny benefits. Additional information was submitted with your client's appeal, including office visit notes and progress notes from Pulmonology and affidavits from family members.

Our review of the medical documentation which included consultation with and/or review of a written report from a health care consultant, as well as a review of any restrictions or limitations that were identified during our review process, determined the medical records do not support restrictions and limitations that would render your client unable to perform the main duties of their own occupation beyond his day last worked through the elimination period. For complete details please refer to our letter dated 07/21/2023.

**Summary of Second Level of Appeal**

On 12/01/2023, your client filed their second and final appeal in response to our determination to uphold our previous decision to deny benefits. Additional information was submitted with your client's appeal, including medical records from Dr. Flaskas and Dr. James Hoff.

As part of our appeal review all current and new medical information was reviewed by Dr. Elbert Greer Richardson, an independent physician who is Board Certified in Psychiatry. Dr. Richardson’s review noted, in part:

> “Based on the information provided, there is no evidence of findings to suggest limitations in the claimant’s status from 05/07/2022 to current from a mental health standpoint. While his symptoms of adjustment disorder with mixed anxiety and depression and severe stress reaction are acknowledged, they were not of such severity to impair his occupational functioning. The claimant and Dr. Carter opined inability to perform occupation and daily tasks due to medication side effects causing cognitive impairments, though this was not presented on any measurable testing. Furthermore, the claimant was not referred for neuropsychological evaluation to accurately assess cognitive functioning or definite deficits. Also, the claimant continued to be managed on Wellbutrin and Lexapro without report of adverse side effects resulting in required adjustments. The claimant endorsed unremarkable psychiatric examinations, in addition to PHQ-9 score of 7, reflecting symptom severity largely inconsistent with debilitating psychopathology. As it stands, progress notes from LPC Jordan or any other mental health provider were not available for review. The claimant also required no referral to a higher level of care, such as IOP, PHP, and hospitalization. Overall, considering the lack of measurable evidence the claimant

endorsed impaired cognition, judgment, insight, or though process, restrictions and limitations are not supported."

As part of our appeal review all current and new medical information was reviewed by Dr. Robert Small, an independent physician who is Board Certified in Internal Medicine. Dr. Small's review noted, in part:

"Taking into consideration the entire clinical picture, including evidence-based medicine and any medication or other treatment side effects, the supported level of impairment translates into restrictions and limitations from 05/07/2022 to 10/05/2023 of:

The claimant is managed for the conditions of coronary artery disease, physical deconditioning/other malaise, and obesity.
Sitting: Constant
Standing: Occasional Walking: Occasional
To avoid potential temporary exacerbation of symptoms due to coronary artery disease, physical deconditioning/other malaise, and obesity.
Bilateral Upper Extremities-
-Lifting: Occasional, up to 10lbs., utilizing both upper extremities together
-Pushing: Occasional, up to 10lbs., utilizing both upper extremities together
-Pulling: Occasional, up to 10lbs., utilizing both upper extremities together
-Carrying: Occasional, up to 10lbs., utilizing both upper extremities together

Reaching-
-Over shoulder level: Occasional, bilateral
-To desk level: Unrestricted, bilateral
-Below waist level: Occasional, bilateral

There were no significant findings associated with upper extremity pain or motor deficits, below the level of the shoulders bilaterally based on review of the available treatment records.
Bilateral Upper Extremities-
-Fine manipulation: Unrestricted, bilateral
-Simple grasping: Unrestricted, bilateral
-Firm Grasping: Unrestricted, bilateral
-Finger: Unrestricted, bilateral
-Handle: Unrestricted, bilateral
-Feel: Unrestricted, bilateral

The claimant is managed for the conditions of coronary artery disease, physical deconditioning/other malaise, and obesity.
Climbing stairs: Occasional
Balancing: Never
Stooping: Never
Bending: Never
Kneeling: Never
Crouching: Never
Crawling: Never Ladder climbing: Never
Lower extremities for foot controls- Occasional, bilateral

> As of 10/06/2023 to present and ongoing, it is the opinion of this reviewer that the claimant has no sustainable work capacity at any level and is totally restricted from all work-related duties. Rationale is based on the presence of chest pain and tightness resulting in inpatient hospitalization. The claimant required cardiac catheterization as a result of symptoms. The claimant's medications were adjusted. There has been no updated information to provide insight into the claimant's current functional status. Therefore, it is the opinion of this reviewer, given extensive cardiac history, inpatient hospitalization requiring cardiac procedure, and advancing age, the claimant is totally restricted from any work-related duties as of 10/06/2023 to present and ongoing. This reviewer's assessment of the above medically supported restrictions and limitations are permanent. Reevaluation of the claimant's functional status 6 months from the date of this report would appear applicable to evaluate for a progression of functional decline. "
>
> "Respectfully no. This reviewer disagrees with the recommendations for an off work status as opined by Dr. Carter prior to 10/06/2023. It is the opinion of this reviewer that the claimant had sustained full time work capacity (8hrs./day, 5 days/week) within the confines of the R&L as noted above through 10/05/2023."

A copy of both reports was sent to your office to review and respond to. A response was received which included a letter from Dr. Carter and his recommended restrictions. Dr. Small reviewed this information and concluded:

> "The updated medical information was reviewed. An attention physician statement (APS) by Dr. Carter dated 3/27/2023 was reviewed in its entirety. Dr. Carter opined the claimant had cardiovascular limitations and medication side effects limiting his ability to walk and would be able to walk for less than 1 hour. He was able to stand for less than 1 hour and the medical conditions limiting his ability to stand were stamina and balance. He was able to sit for up to 2 hours and drowsiness, stiffness, and pain due to arthritis had limited his ability to sit. The claimant was not expected to be present for more than 1 total hour per day of the nine-hour work described above on a sustained and regular basis in any combination of sitting, standing, or walking. His medical condition caused him to be absent from work. The medical conditions that limited the ability to engage in these activities were dizziness, balance, and fatigue. The updated medical information has not altered the initial opinion of this reviewer. The claimant's conditions were taken into consideration upon completion of initial review. While the opinions expressed by Dr. Carter are acknowledged; the additional information did not contain updated clinical information such as documented exam findings, diagnostic studies, or evidence of treatment plan to correspond with the claimants reports level of symptom severity. Therefore, this reviewer's opinion remains unchanged. The R&Ls remain supported as outlined in the initial report. A reevaluation of the claimant's functional status 6 months from the date of this report would appear applicable to evaluate for a progression of functional decline."

A copy of this report was sent to your office to review and respond to. A response was received which included duplicate information from Dr. Carter and treatment notes from Dr. Flaskas.

Dr. Robert Small reviewed this information and concluded:

> “The additional medical information was reviewed. On 3/27/2023, Dr. Darter opined the claimant’s medical conditions limited his ability to sit. The claimant experienced drowsiness and stiffness from pain due to osteoarthritis. His medical condition is expected to cause an absence from work. He can lift/carry less than 10 pounds occasionally and frequently. The medical conditions that limit his ability to lift/carry are stamina, balance, and fatigue. He can use his hands for repetitive grasping, handling, pushing, and pulling. He cannot use his hands for fine manipulation and fingering. He can use repetitive movement as in operating foot controls. He can bend, climb stairs, reach above his shoulder, and operate machinery occasionally. He can never kneel, squat, crawl, climb ladders, or work from heights. He should avoid engaging in any activity that causes severe pain. On 3/27/2023, Dr. Carter opined the claimant’s complaints, clinical examination, and diagnostic studies also overwhelmingly and without question demonstrate severe disability which prevents him from working in any occupation, even sedentary. Cardiac rehab note dated 12/12/2023 noted the claimant was feeling better and planning to be involved in cardiac rehabilitation. His blood pressure is 102/60. EKG showed improvement concerning ST changes in inferior and precordial leads. The assessments are paroxysmal atrial fibrillation, arteriosclerotic heart disease, and mixed hyperlipidemia. The planned treatment includes continuing with dual antiplatelet therapy, ACE inhibitors, beta-blockers, antiplatelets, statins, and weight reduction.
>
> The additional medical information has not altered the initial opinion of this reviewer. The claimant’s medical conditions were taken into consideration upon completion of initial review. The updated medical information was not consistent with the presence of acute exacerbation of symptoms, the presence of previously unknown conditions, and/or evidence of functional decline to an extent that it would alter the previously delineated R&Ls. Therefore, the original opinion of this reviewer remains upheld. The R&Ls remain supported as delineated in the initial report. A reevaluation of the claimant’s functional status 6 months from the date of this report would appear applicable evaluate for a progression of functional decline."

Dr. Elbert Greer Richardson reviewed this information and concluded:

> “No, the new information does not at all impact and/or change the findings expressed in my prior peer review.
>
> Attorney letter from 02/02/24 documented the claimant’s provider, Dr. Carter opined on 09/02/22 that he could not return to work due to complex mental requirements and high stress environment. He was documented to endorse anxiety thinking about going back and resuming his job. He was assessed as having other reactions to severe stress. While this is acknowledged, there was still no medical records corroborating he endorsed debilitating psychopathology on clinical examinations and measurable testing. His cardiology follow up from 12/12/23 was provided, which revealed no psychiatric/cognitive abnormalities. Despite reported severity of symptoms, the claimant continued to require no referral to a higher level of psychiatric care, such as IOP, PHP, and hospitalization. As it stands, restrictions and limitations remain not supported."

A copy of both reports was sent to you to review and respond to. A response was received stating that your client would not be submitting additional evidence.

REF #22602066

**Second Level Appeal Decision**

We understand that your client has been diagnosed with Other reactions to severe stress. However, our review of the medical documentation, which included consultation with and/or review of a written report from an independent physician who is Board Certified in Psychiatry an independent physician who is Board Certified in Internal Medicine, as well as a review of any restrictions or limitations that were identified during our review process, determined the medical records do not support restrictions and limitations that would render your client unable to perform the main duties of your client's own occupation beyond your client's day last worked.

Based on the current medical records and lack of significant radiographic and clinical findings it is medically reasonable that your client would not have functional impairments that would preclude him from performing work in your client's own occupation or any other occupation for which he would have the training, experience, and education to perform. Since the available records do not support impairment, we have determined that your client is not Totally Disabled under the terms of our policy as of 05/07/2022.

We therefore find that your client is no longer Totally Disabled under the terms of our policy.

We evaluated this claim by applying the provisions of the policy to the facts and opinions contained in the claim file. Other than what is set out in the policy, we did not rely upon any guidelines, internal rules, protocols, standards, or other similar criteria in reaching this claim determination.

You and your client have exhausted all rights of appeal, and your client's administrative file is now closed.

If your client's plan is subject to ERISA, your client may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your client's local U.S. Department of Labor Office and your client's State insurance regulatory agency. In addition, your client has the right to pursue litigation and your client may request copies of records and other information relevant to the claim free of charge.

The employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 11/03/2022.

Please contact me directly at the number below with any questions you may have or email us at LFGAppeals@lfg.com.

Sincerely,

Jeff Booth
800-423-2765 ex 2665
Specialist, Appeals Claims
Appeals Department – Claims Solutions Shared Services
The Lincoln National Life Insurance Company

REF #22602066

Chinese (Simplified)

注意：如果您说普通话，可以选择免费语言支持服务。 请拨打 1-800-423-2765.

Chinese (Traditional)

注意：若您講國語，可使用我們的免費語言支援服務。 請致電 1-800-423-2765.

Tagalog

Pansinin: Kung nagsasalita ka ng Tagalog, mayroon kang magagamit na mga libreng serbisyo ng tulong sa wika. Tumawag sa 1-800-423-2765.

Spanish

Atención: si habla español, tenemos disponibles servicios de apoyo con el idioma sin costo para usted. Llame al 1-800-423-2765.

Navajo

DÍÍ BAA AKÓ NÍNÍZIN: Díí bee yáníłti'go Diné bizaad, saad bee áká'ánida'áwo'dę́ę́' t'áá jiik'eh, ná hóló̜. Koji̜' hódíílnih áǫįóóǫéąą́ǫąíę́ę.